IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY LEE WARD
    Petitioner,
v.                                                   Case No. 4:24cv217/MW/MAL

WARDEN SULSBERRY
ACTING WARDEN, F.C.I. TALLAHASSEE
    Respondent.
    _____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 dated May 16, 2024.[1] ECF No. 2. On May 28, 2024, the undersigned entered an order directing Petitioner to (1) pay the $5.00 filing fee <u>or</u> file a motion to proceed *in forma pauperis* with supporting documentation <u>and</u> (2) provide two service copies of her § 2241 petition <u>or</u> submit $9.00 for the clerk of court to make the copies for her. ECF No. 4. Petitioner was instructed to comply or before June 28, 2024, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. Notwithstanding this admonition, the deadline elapsed without a response from Petitioner.

---

[1] Petitioner seeks jail credits and asks that her federal sentence run "concurrently with any sentence imposed in Sullivan County, Tennessee Criminal Court." ECF No. 2 at 8. It does not appear she pursued any administrative remedies. *Id.* at 2.

On July 16, 2024, the Court issued an order directing Petitioner to show cause why this case should not be dismissed for Petitioner's failure to comply with the Court's order. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 6, 2024.

        s/ *Midori A. Lowry*
        Midori A. Lowry
        United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.